IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALLEN FIELDS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | CIVIL ACTION NO. 5:21-cv-122 |
| DOLGENCORP OF TEXAS, INC., | § | |
| D/B/A DOLLAR GENERAL STORES | § | |
| AND DOLLAR GENERAL | § | |
| Defendant. | § | |

## **PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

Plaintiff Allen Fields files this Original Complaint and Jury Demand against Defendant Dolgencorp of Texas, Inc. d/b/a Dollar General Stores and Dollar General. In support thereof, Plaintiff states as follows:

## **PARTIES**

1.      Plaintiff, Allen Fields ("Plaintiff"), is a citizen of the State of Texas. He resides in New Braunfels, Texas. He may be served with papers through the undersigned counsel.

2.      Defendant, Dolgencorp of Texas, Inc. d/b/a Dollar General Stores and Dollar General ("Defendant") is a Foreign For-Profit Corporation doing business in Texas. According to the Texas Secretary of State, Defendant maintains its principal place of business at 100 Mission Ridge, Goodlettsville, Tennessee 37072. Defendant may be served with process via its registered agent for service of process in Texas, Corporate Service Company d/b/a CSC-Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

## **JURISDICTION**

3.      This Court has subject matter jurisdiction over the claims described in this Complaint pursuant to 28 U.S.C § 1331, as Plaintiff alleges claims arising under the laws of the

United States of America. The Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C § 1367.

## VENUE

4. Venue is proper in the United States District Court for the Western District of Texas pursuant to 28 U.S.C. § 1391(b) because all or part of the claims alleged in this Complaint are based upon conduct committed by Defendant within this judicial district.

## FACTS

5. This is a discrimination case arising under the Americans with Disabilities Act of 1990 as amended ("ADA"), the Age Discrimination in Employment Act of 1967 ("ADEA"), and Chapter 21 of the Texas Labor Code ("Chapter 21").

6. Plaintiff worked for Defendant for over seven years, first as a Regional Director and then as a member of Defendant's Project Execution and Support Team. Prior to working for Defendant, Plaintiff worked in the exact same industry for Family Dollar for more than 14 years. At the time of his termination from employment with Defendant, Plaintiff was 61 years old. He looked forward to retirement in four more years.

7. During his employment with Defendant, Plaintiff had an impeccable record and received only positive reviews.

8. On September 25, 2017, Plaintiff informed his supervisor, Jeff Mooney (age 38), that he had been diagnosed with an incurable form of cancer. On October 16, 2017, Plaintiff confirmed to Mr. Mooney that his type of cancer was incurable but that he would be able to live and work with the help of medications.

9. Approximately three months after informing Mr. Mooney of his cancer and treatment plan, Plaintiff was informed on January 22, 2018 that his sales region and eight other regions were being eliminated. As a result, Plaintiff was given three options: (i) be immediately terminated in exchange for a severance; (ii) work on special projects to last 3 months and be terminated at the end of those projects; or (iii) work on special projects for at least six months. Needing to retain his medical insurance and being only four years away from retirement, Plaintiff accepted option three, as it was the one option that gave Plaintiff the chance to remain employed with Defendant long term.

10. Over the course of 2018, and while working for Defendant's Project Execution and Support Team, Plaintiff learned that all eight of the other Regional Directors whose regions were also allegedly "eliminated" were placed in new regions or in other, permanent positions within the company. Upon information and belief, most of these other regional directors were in their 30's or 40's, and none were over the age of 60. Upon information and belief, Plaintiff was also the only regional director with a disability. Further, some of the other eight regional directors were relocated to other cities or paid relocation expenses so that they could remain within Defendant's requirement that regional directors live within a certain distance from the districts and regions they supervised.

11. Plaintiff continued to work for Defendant's Project Execution and Support Team, as offered. At the conclusion of the initial six months, Plaintiff was offered to remain with the company, which he accepted. His performance during that period, as with his entire employment, exceeded all expectations.

12.     On August 16, 2018, Defendant posted a new position for a Regional Director overseeing the region directly south of Plaintiff's prior region.  Curiously, this new region included four districts of Plaintiff's prior "eliminated" region, which included districts that were all within the required geographic distance from Plaintiff's residence (and, therefore, would not have required Plaintiff to relocate), and which was for the same position/job duties that Plaintiff held and was told would be eliminated.  However, unlike all the other, younger and non-disabled regional directors, Plaintiff was not reassigned to his newly realigned region, even though – again – doing so would not have required re-locating Plaintiff or offering him relocation services.

13.     When posting the new position, Defendant specifically and intentionally limited the position to applicants with "8-10 years of experience" (*i.e.*, younger applicants only) and--for the first time to the best of Plaintiff's knowledge--required a college degree.  Because Plaintiff had thirty years of experience and no college education, Plaintiff was expressly excluded from applying for the position.  Yet, all the while, Defendant readily reassigned other displaced regional managers who likewise had no college experience, to other regions.

14.     This "new" position from which Plaintiff was disqualified actually encompassed portions of Plaintiff's prior region. The position purportedly required managing a region with more than $150 million in annual sales.  In his prior region, Plaintiff managed more than $180 million in annual sales (again, without a college degree) and was ranked number 16 out of 83 in Defendant's 2017 performance matrix.  Plaintiff had been ranked as high as 11th during the final quarter of 2017.

15.     The person who was hired for what was essentially Plaintiff's prior position, Derin Briggs (age 36), is not disabled.  She also did not have as much experience as Plaintiff.  Finally,

she lives further than Plaintiff from the regions that she now supervises (many of which Plaintiff previously supervised).  Ms. Briggs was hired in October 2018.

16.     After Ms. Briggs was hired, Plaintiff continued to work at his new position within the company.  Unlike other, younger and non-disabled impacted regional managers who were moved to other positions, Plaintiff was suddenly terminated from employment on November 2, 2018 (*i.e.*, almost immediately after hiring Ms. Briggs).

17.     At the time of his termination from employment, Plaintiff was offered a severance agreement that did not comply with the Older Worker Benefit Protection Act.  Plaintiff declined the severance agreement and filed a charge of discrimination with the EEOC.  In response to the charge, Defendant asserted that Plaintiff was terminated as part of a group layoff due to the alleged (and pretextual) "realignment" in January 2018 of nine regions (including Plaintiff's).  Of course, Defendant hid important facts from the EEOC, including that the other displaced regional managers were offered other regions or other permanent positions such that they all remained employed by the company.  Additionally, Plaintiff's severance agreement did not comply with the requirements of the Older Workers Benefit Protection Act, which governs agreements that purport to release age claims in the wake of a group layoff or reduction in force.

## SATISFACTION OF ADMINISTRATIVE PREREQUISITES

18.     Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and with the Civil Rights Division of the Texas Workforce Commission ("TWC") on March 27, 2019.  This filing occurred within 300 days of his termination from employment by Defendant.

19.     Accordingly, Plaintiff timely filed a charge of disability discrimination under the Americans with Disabilities Act of 1990, timely filed a charge of age discrimination under the Age Discrimination in Employment Act of 1967, and timely filed both claims with the Texas Workforce Commission, Human Rights Division under Chapter 21 of the Texas Labor Code.

20.     The EEOC issued a Notice of Rights on November 19, 2020, which Plaintiff received on November 23, 2020.

21.     This lawsuit has been filed within ninety days of the date the EEOC issued the above-referenced Notice of Rights.  Accordingly, Plaintiff has satisfied all administrative prerequisites to filing suit under the ADA and ADEA.

22.     Further, more than 180 days have passed since Plaintiff's charge was dual filed with the Texas Workforce Commission, Human Rights Division (the "TWC").  The TWC has not issued any right to sue letter to the Plaintiff.  Because more than 180 days have passed, Plaintiff is deemed to have satisfied all administrative prerequisites to suit and is entitled to file suit under Chapter 21.

## FIRST CAUSE OF ACTION: DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA AND CHAPTER 21

23.     Plaintiff repeats and incorporates herein all allegations asserted in the foregoing paragraphs.

24.     At all times relevant to this action, Defendant has continuously employed at least 15 employees, thereby qualifying Defendant as a "covered entity" under Section 101(2) and (5) of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111(2), (5).

25. At all times relevant to this action, Defendant has continuously employed at least 15 employees, thereby qualifying Defendant as a covered "employer" under Chapter 21 of the Texas Labor Code (Chapter 21), § 21.002 (8)(A).

26. Plaintiff has, at all times, been a qualified individual with a disability, as that term is defined by the ADA, 42 U.S.C. § 12102 and/or by Chapter 21, § 21.002 (6).

27. Plaintiff is disabled within all three meanings of the statutory term of a disability under both the ADA and Chapter 21.  Specifically, Plaintiff has and had an actual impairment that substantially limits major life activities and major bodily functions, as those terms are defined under the ADA and Chapter 21.  Defendant also regarded Plaintiff as disabled.  Finally, Plaintiff has a record of a having had an actual disability.

28. Regardless of his disability, Plaintiff was qualified for his job and was capable of performing all essential job duties with or without an accommodation.

29. Defendant terminated Plaintiff's employment because he had a disability within the meaning of, and against the requirements of, the ADA and/or Chapter 21.

30. As a direct result of Defendant's disability discrimination, Plaintiff sustained and will continue to sustain damages, including lost wages and benefits, mental anguish, emotional distress, humiliation and embarrassment.  Additionally, because Defendant acted with malice, or at least with reckless indifference towards Plaintiff's legally protected rights, Plaintiff is entitled to an award of punitive/exemplary damages.

31. Defendant's violation of the ADA and/or Chapter 21 was done with malice and/or reckless disregard for Plaintiff's statutorily-protected rights under federal and Texas law. An award of exemplary damages is therefore warranted.

### SECOND CAUSE OF ACTION: AGE DISCRIMINATION IN VIOLATION OF THE ADEA AND CHAPTER 21

32. Plaintiff repeats and incorporates herein all allegations asserted in the foregoing paragraphs.

33. Pleading in addition or in the alternative, Plaintiff alleges that he has been the victim of age discrimination in violation of both the Age Discrimination in Employment Act (ADEA) and Chapter 21 of the Texas Labor Code (Chapter 21).

34. At all times relevant to this action, Defendant has continuously employed at least 20 employees, thereby qualifying Defendant as an "employer" under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 630(b).

35. At all times relevant to this action, Defendant has continuously employed at least 15 employees, thereby qualifying Defendant as an "employer" under Chapter 21 of the Texas Labor Code (Chapter 21), § 21.002 (8)(A).

36. Defendant terminated Plaintiff's employment because of his age in violation of the ADEA and Chapter 21.

37. As a direct result of Defendant's age discrimination, Plaintiff sustained and will continue to sustain damages, including lost wages and benefits, mental anguish, emotional distress, humiliation and embarrassment. Additionally, because Defendant acted with malice, or at least with reckless indifference towards Plaintiff's legally protected rights, Plaintiff is entitled to an

award of exemplary damages under Chapter 21. Plaintiff is also entitled to liquidated damages under the ADEA.

## JURY DEMAND

38. Plaintiff demands a jury trial on all issues.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that Defendant be cited to answer this Complaint and to defend against the allegations set forth herein. Plaintiff asks that the Court award to the fullest extent allowed by law:

a. Back pay;

b. Reinstatement and/or front pay;

c. Compensatory damages;

d. Exemplary and/or liquidated damages;

e. Injunctive relief;

f. Taxable court costs, including expert fees;

g. Pre- and post-judgment interest; and

h. Reasonable and necessary attorneys' fees.

Dated: February 9, 2020.

Respectfully submitted,

By: */s/ Natalie C. Rougeux*

Natalie C. Rougeux
Texas State Bar No. 24041828
nrougeux@rougeuxpllc.com
Lilia S. Marek
Texas State Bar No. 24060509
lmarek@rougeuxpllc.com
Rougeux & Associates PLLC
595 S. Castell Ave.
New Braunfels, Texas 78130
Telephone: (830) 358-7543

*ATTORNEYS FOR PLAINTIFF*